**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW CALDWELL, | No.  2:25-CV-03284-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| MAREK P. SLIWA, et al., | And |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Plaintiff's motions to remand, ECF Nos. 10 and 13.

## I. BACKGROUND

Plaintiff originally filed the action in Sacramento Superior Court on June 23, 2025 and Defendants Sliwa, Jackson, and Bartosh removed the action to federal court, pursuant to federal question jurisdiction. See ECF No. 1. Plaintiff's original state complaint asserted three federal claims and eight state claims. See id. at 9.  The caption listed the defendants as: (1) George Little Investments Inc.; (2) Doug Nelson; (3) George Little; (4) Marek Sliwa; (5) Cody Jackson; and (6) Shawn Bartosh. See id. The claims arise from an alleged taking of Plaintiff's vehicle on June 22, 2022. See id. at 10. Plaintiff filed an amended complaint, ECF No. 11, without leave of court and accordingly, the amended complaint was stricken. See ECF No. 14.

1

Plaintiff seeks to remand the matter back to state court, asserting that removal was improper because "not all properly served defendants consented to the removal" in violation of 28 U.S.C. §1446(b)(2)(A), and because Plaintiff does not want to pursue his federal claims. ECF No. 13, pg. 3. Plaintiff contends that on the day the matter was removed to federal court, he attempted to file an amended complaint which dropped the federal claims, but because the action was removed, Sacramento Superior Court rejected the filing. See id. at 5-6. Plaintiff did file an amended complaint in federal court, ECF No. 11, but it was struck because it was beyond the 21-day period in which amendment is allowed, and Plaintiff did not seek leave of court. See ECF No. 14. Plaintiff attaches his proposed amended complaint, which only asserts state claims, to his motion to remand. See ECF No. 13, pgs. 15-181.

Defendants Sliwa, Jackson, Bartosh, George Little Investments Inc. and George Little filed the joint opposition to Plaintiff's motion to remand asserting that federal jurisdiction was proper because it existed at the time of removal and Defendants did not know of one another when the action was removed. See ECF No. 16, pgs. 3-5. Additionally, Defendants assert that Plaintiff's amended complaint was "untimely, [] improperly piecemeal," and note it was stricken by this Court. Id. at 3. Defendants contend that Plaintiff asserted claims arising from the Fourth and Fourteenth Amendments and such claims "are dependent upon the resolution of whether Plaintiff's vehicle was improperly seized by Defendant, either in the absence of a warrant or exception thereto, or without due process of law." Id. at 4. Defendants assert that jurisdiction over Plaintiff's state claims is proper because they "derive from a common nucleus of operative fact," and therefore, there is supplemental jurisdiction over such claims. Id.

Next, Defendants contend that "neither Defendant was aware of the other at the time the removal was filed," and failure to get consent from all properly served Defendants prior to removal is "curable defect which may be satisfied by the court-permitted filing of an amended notice of removal containing the authorization of all Defendants." Id. Defendants explain that "at the time City Defendants filed the removal of this action in this Court, no party was aware of the other as City Defendants had not made an appearance in the matter below, and had not received service from any party other than Plaintiff as a result." Id. at

2

5. Defendants therefore "request that they be permitted to file an amended notice of removal in accordance with 28 U.S.C. section 1653 in order to cure any perception of a lack of unanimity in the removal and continued federal jurisdiction of this action." Id.

## II. DISCUSSION

Plaintiff's request to amend his complaint shall be construed as a motion for leave to amend and the undersigned will grant such motion. Thus, the action proceeds on Plaintiff's first amended complaint, ECF No. 13, pgs. 15-181. Given Defendant's failure to obtain consent from all properly served Defendants and that the amended complaint asserts no federal claims, the undersigned will recommend that the Court decline to exercise discretion to retain jurisdiction grant Plaintiff's motions to remand.

Pursuant to 28 U.S. Code § 1446 (b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).[1]

Defendants concede that Defendants Little, Sliwa, Jackson, and Bartosh had all been properly served at the time that Defendants Sliwa, Jackson, and Bartosh filed for removal. See ECF No. 16, pg. 5. Defendants Sliwa, Jackson, and Bartosh do not explain why they failed to get consent from Defendant Little prior to removing the case, aside from stating that "no party was aware of the other." Id. However, the caption of Plaintiff's original state complaint, ECF No. 1, pg. 9, and the caption generated by Defendants Sliwa, Jackson, and Bartosh, ECF No. 1, pg. 1, both included the other Defendants' names. Thus, Defendants Sliwa, Jackson, and Bartosh were on notice that other Defendants existed and may have been properly served. Defendants Sliwa,

---

[1] The Court notes that a notice of removal "shall be filed within 30 days after the receipt by the defendant." 28 U.S. Code § 1446(b)(1). Plaintiff filed the state complaint on June 23, 2025, ECF No. 1, pg. 2, and the summons for Defendant Jackson indicates he was served on June 25, 2025, id. at 4. Defendants filed for removal on November 12, 2025. See id. at 1. Thus, it appears that Defendants filed for removal after the 30-day period. However, the record is unclear as to when the other Defendants were served and therefore, the Court does not consider this potential procedural defect.

3

Jackson, and Bartosh provide no explanation for why they did not assume those Defendants had been served nor exercise due diligence in reaching out to the other Defendants to confirm they were served, and whether they wanted to consent to removal. Exercising such due diligence would not have been unduly burdensome because the only other Defendants were Defendant George Little Investments, Inc., Little, and Nelson. Thus, the Court finds Defendants' failure to join all properly served Defendants in their removal, renders the removal petition procedurally defective.

Defendants assert they can remedy this procedural defect if the court permits them to file an amended notice of removal, but at the same time oppose allowing Plaintiff to file an amended complaint. "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.  Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). The Court finds it appropriate to allow Plaintiff, who is proceeding pro se, to amend his complaint to abandon his federal claims. Accordingly, the undersigned will grant Plaintiff's motion for leave to amend and the action shall proceed on Plaintiff's first amended complaint, ECF No. 13, pgs. 15-181. The Court will now consider whether the Court should retain jurisdiction over Plaintiff's remaining state claims.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon removal to federal court, the court shall "have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, when federal claims are eliminated from the complaint, a court may properly refuse supplemental jurisdiction over related state claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (noting whether state law claims "should " be dismissed if federal claims are dismissed before trial does not mean they must be dismissed; while courts "shall have supplemental jurisdiction under § 1367(a), they "may" decline to exercise it under § 1367(c)").  Once all

4

federal claims have been dismissed from a case, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court "upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie–Mellon, 484 U.S. at 357; Acri, 114 F.3d at 1000.

Under Gibbs and Carnegie-Mellon, a federal court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over a case involving pendent state-law claims. Carnegie-Mellon Univ., 484 U.S. at 350 (quoting Gibbs, 383 U.S. at 726-27). A Plaintiff's attempt to manipulate the forum may also be considered in determining remand. Id. at 357. Generally, if federal claims are dismissed prior to trial, state law claims should be remanded to state court "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; Carnegie-Mellon Univ., 484 U.S. at 350 n.7 (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In fact, "state law claims 'should' be dismissed if federal claims are dismissed before trial." Acri, 114 F.3d at 1000; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.").

Here, Plaintiff removed all federal claims in his amended complaint. See ECF No. 13, pgs. 15-181. According to Plaintiff, he had already attempted to abandon the federal claims in state court the same day Defendants removed the action, indicating Plaintiff's good faith intent to abandon such claims. To the extent that Defendants argue that in order to pursue the remaining claims, Plaintiff must establish that the actions were in violation of the Fourth Amendment, the undersigned disagrees. Plaintiff claims that his vehicle was taken "in flagrant defiance of constitutional principles . . . which constituted an invasion of a constitutionally protected private area." ECF No. 13, pg. 23 (Plaintiff's first amended complaint).

///

5

The California Supreme Court held that:

> The Fourth Amendment to the United States Constitution provides, in pertinent part: 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated … .' Article I, section 13 of the California Constitution provides, in essentially identical language: 'The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated … .'

People v. Buza, 4 Cal. 5th 658, 669-70 (2018)

Plaintiff's claim of a constitutional violation, though not explicitly referencing the state constitution, can be read[2] to arise from California's constitutional protections, not the Fourth Amendment. Thus, Plaintiff's proposed amended complaint asserts claims that do not rely on nor arise from federal law. Given Plaintiff no longer asserts federal claims, the undersigned will recommend the Court decline to exercise discretion to retain jurisdiction over the remaining state claims and grant Plaintiff's motion to remand.

Moreover, because this matter has not proceeded past the initial pleading stage, judicial economy does not compel the exercise of supplemental jurisdiction over Plaintiffs' remaining state law claims. See e.g., Aguaristi v. Cty. of Merced, No. 1:18-cv-01053-DAD-EPG, 2022 WL 2392621, at *18 (E.D. Cal. July 1, 2022) (finding judicial economy did not compel the exercise of supplemental jurisdiction over plaintiff's remaining state law claims where the pending motion for summary judgment was "only the second motion filed in this case on which the court has ruled"); Zayas v. Navarro, No. 221CV00218WBSDBP, 2023 WL 2815590, at *6 (E.D. Cal. Apr. 6, 2023) (recommending court decline to exercise supplemental jurisdiction because only state law claims remained after dismissal of claims over which court had original jurisdiction); Cobb v. JPMorgan Chase Bank, N.A., No. C 12-01372 JSW, 2012 WL 5335309, at *9 (N.D. Cal. Oct. 26, 2012), aff'd sub nom. Cobb v. JPMorgan Chase Bank NA, 594 F. App'x 395 (9th Cir. 2015) (declining to exercise supplemental jurisdiction because it would be equally

---

[2] "The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original).

6

convenient for the parties to try the only remaining state law claims in state court and the court had expended few resources in supervising the case).

## IV.  CONCLUSION

Based on the above reasons, the undersigned orders and recommends as follows:

1.      It is ORDERED that Plaintiff's motion for leave to amend is GRANTED and this action now proceeds on Plaintiff's first amended complaint, ECF No. 13, pgs. 15-181.

2.      It is RECOMMENDED that the Court decline to exercise discretion to retain jurisdiction over this action, as Plaintiff is only pursuing state claims.

3.      It is RECOMMENDED that Plaintiff's motions to remand, ECF Nos. 10 and 13, be GRANTED.

4.      It is RECOMMENDED that this action be remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE